**E-Filed 6/28/2007**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>DENNIS MAI, et al.,<br><br>        Defendants. | Case Number CR 05-0531 JF (PVT)<br><br>ORDER[1] DEFERRING RULING ON<br>APPEAL OF DISCOVERY ORDER<br><br>[re: docket no. 101] |

The Government has appealed Magistrate Judge Trumbull's order to produce certain documents relating to the practices and procedures of the laboratory that analyzed, on the Government's behalf, the drugs seized from Defendant. After briefing by the parties, the Court heard oral argument on June 27, 2007.

Defendant argues that under Fed. R. Crim. P. 16 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), no preliminary showing as to possible error in an expert's report is necessary to discover contextual documentation that could support an attack upon the report. If Defendant's argument were taken to its logical conclusion, the result would

---

[1] This disposition is not designated for publication and may not be cited.

1  be (as Defendant's counsel conceded at oral argument) that any person charged with a drug crime

2  could discover lab manuals and other similar internal materials without making a particularized

3  showing that the Government expert's results might be inaccurate.  In civil cases, a party

4  requesting a hearing under *Daubert* must call an expert's testimony or its basis "sufficiently into

5  question" to avoid an unnecessary reliability hearing.  *Kumho Tire Co. v. Carmichael*, 526 U.S.

6  137, 149, 152 (1999).  Accordingly, one legal question posed by Defendant's argument is

7  whether the Confrontation Clause requires a court to apply a lower standard of sufficiency (or no

8  standard at all) in granting a *Daubert* hearing in criminal cases.

9        Courts should avoid the resolution of constitutional issues where possible.  *See e.g. Kuba*

10  *v. 1-A Agric. Assoc.*, 387 F.3d 850, 856 (9th Cir. 2004).  Because counsel for Defendant

11  represents that a particularized showing can be made regarding the inaccuracy of the

12  Government's test, the Court concludes that Defendant should attempt to do so before the Court

13  considers novel issues arising under the Federal Constitution.  Accordingly, the Court will defer

14  ruling on the instant appeal until Judge Trumbull has had the opportunity to consider *in camera*

15  submissions of Defendant suggesting error in the report of the Government's expert.  Defendant

16  shall proceed expeditiously so that Judge Trumbull may consider the matter prior to the next

17  status conference before this Court.

18

19  IT IS SO ORDERED.

20

21  DATED: June 28, 2007

22

23

24                  JEREMY FOGEL
                United States District Judge

25

26

27

28

2

1   This Order has been served upon the following persons:

2   Rommel Bondoc                sdm819@sbcglobal.net, cmcshane@sbcglobal.net

3   Angela Milella Hansen        Angela_Hansen@fd.org

4   Jeffrey D. Nedrow            jeff.nedrow@usdoj.gov,

5   Jay Rorty                    jay_rorty@fd.org, susie_barrera@fd.org

6   Vicki H. Young               vickihyoung@yahoo.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CR 05-0531 JF (PVT)
ORDER DEFERRING RULING ON APPEAL OF DISCOVERY ORDER
(JFLC1)