UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>DENNIS MAI,<br><br>               Defendant.<br>_____ | Case No.: CR- 05-0031 JF PVT<br><br>**ORDER DENYING MOTION FOR PROTECTIVE ORDER** |

On November 13, 2007 the United States filed a Motion for Entry of a Protective Order to cover discovery materials pursuant to Federal Rule of Criminal Procedure 16(d)(1).   The United States seeks limit the disclosure of certain internal Drug Enforcement Administration ("DEA") documents (the "Lab Documents") to the defendant, defense counsel and staff in connection with defending this case.  The United States also seeks to require that the Lab Documents only be filed under seal.   Rule 16 provides, in relevant part:

> Protective and Modifying Orders. At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief. The court may permit a party to show good cause by a written statement that the court will inspect ex parte. If relief is granted, the court must preserve the entire text of the party's statement under seal.

Fed. R. Crim. P. 16(d)(1). The United States argues that good cause exists to restrict the disclosure of the DEA documents because the documents are internal and  "sensitive."  The

United States cites *Alderman v. United States*, 394 U.S. 165, 185 (1969) for the proposition that "the trial court can and should, where appropriate, place a defendant and his counsel under enforceable orders against unwarranted disclosure of the materials which they may be entitled to inspect. The advisory committee notes to the 1974 amendment shed some light on when a protective order is appropriate: "Although the rule does not attempt to indicate when a protective order should be entered, it is obvious that one would be appropriate where there is reason to believe that a witness would be subject to physical or economic harm if his identity is revealed."

In this case, there is no witness identity to protect. Indeed, the government does not document any harm from disclosure. The declaration of Steven M Sottolano, Associate Deputy Assistant Administrator of the Office of Forensic Services states that "the [DEA's] laboratory results are determined by trained analytical chemists using well-established, scientifically accepted techniques and state-of-the-art instrumentation." The declaration notes that the DEA lab was accredited by American Society of Crime Laboratory Directors/Laboratory Accreditation Board, ASCLD/LAB ISO-17025 international standards. (See Exhibit 4 to Government Appeal of Magistrate Judge's Discovery Order.)

Accordingly, the harm from disclosure is not apparent to the court. Moreover, as pointed out by the defense, the United States has not even made the showing required for a protective order under Federal Rule of Civil Procedure 26(c).

For the foregoing reasons, IT IS HEREBY ORDERED that the United States' Motion for a Protective Order is Denied.

Dated: December 4, 2007

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge